IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARZAD ALLAF-MOTEDAYEN,<br><br>    Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY CHILD PROTECTIVE SERVICES, et al.,<br><br>    Defendants. | Case No. 25-cv-03050-MMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ACCEPTANCE OF LATE-FILED AMENDED COMPLAINT; DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND** |

    Before the Court is a "Report and Recommendation to Dismiss," filed May 5, 2025, whereby Magistrate Judge Sallie Kim recommends the above-titled action be dismissed for the reason that plaintiff Farzad Allaf-Motedayen failed to file an amended complaint by April 28, 2025, a deadline the Magistrate Judge had set by order filed April 14, 2025.

    Also before the Court is plaintiff's "First Amended Federal Complaint," filed May 7, 2025, in which plaintiff, who proceeds pro se, includes a section titled "Notice of Late Filing and Motion for Nunc Pro Tunc Acceptance." (See Doc. No. 7 at 22-23.)[1] Having read and considered said filing, the Court hereby GRANTS the Motion for Nunc Pro Tunc Acceptance and, consequently, declines to adopt the above-referenced recommendation.

    The Court notes, however, that, on April 14, 2025, Magistrate Judge Kim granted plaintiff's application to proceed in forma pauperis, and, pursuant to 28 U.S.C. § 1915(e)(2), screened the initial complaint and found plaintiff failed to state any cognizable claims. As the above-titled action now proceeds on the amended complaint (hereinafter, "AC"), the Court, pursuant to § 1915(e)(2), next proceeds to screen said

---

[1] In citing to documents filed by plaintiff, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

amended pleading to determine whether plaintiff has stated any cognizable claim therein.

In that regard, the Court first identifies all documents that appear to comprise plaintiff's AC.  First, as noted, plaintiff, on May 7, 2025, filed a document titled "First Amended Federal Complaint," which document consists of what appears to be a short summary of claims plaintiff is asserting (see Doc. No. 7 at 1) followed by a series of one-page and two-page sections, each setting forth claims he asserts or legal principles he contends are applicable (see Doc. No. 7 at 2-41).  Next, also on May 7, 2025, plaintiff filed a document titled "Unified Cover Letter for Lawful Filing," which document consists of a cover letter, a checklist, and an affidavit (see Doc. No. 8 at 1-7), followed by a series of one-page sections that either identify claims plaintiff is asserting or legal principles he contends are applicable (see Doc. No. 8 at 8-20).  Thereafter, on May 9, 2025, plaintiff filed a document titled "Cover Letter of Scroll Dispatch," which document consists of a cover letter (see Doc. No. 9 at 1-2) followed by a pair of two-page sections stating legal principles plaintiff contends are applicable (see Doc. No. 9 at 3-6) and his declaration (see Doc. No. 9 at 7-8).  In the above-listed documents, plaintiff, as discussed below, asserts claims arising from a 2017 state court criminal conviction and ongoing state court civil and criminal proceedings.[2]

As the Court has federal question jurisdiction over the instant action (see Doc. No. 7 at 1), the Court next considers whether plaintiff has stated a cognizable federal claim.  As set forth below, the Court finds no such claim has been sufficiently stated.

First, to the extent plaintiff seeks issuance of court orders enjoining, dismissing, or revising orders issued in the ongoing state court proceedings, on the asserted ground that plaintiff has not been afforded due process or another federal right during the course of those proceedings (see Doc. No. 7 at 2, 7, 13, Doc. No. 8 at 17-18, Doc. 9 at 8), the

---

[2] The ongoing proceedings consist of a juvenile dependency action, an action by a private party for unlawful detainer, an action or actions brought by or otherwise involving plaintiff's wife, such as a divorce proceeding and a proceeding involving a request for a restraining order, and a criminal action in which plaintiff is accused of violating a restraining order and resisting arrest.

2

Court lacks jurisdiction to do so, see Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 294-95 (1970) (holding district courts lack "power" to "enjoin state court proceedings" even where plaintiff asserts state court is "interfer[ing]" with "federal right"; further holding district courts "possess no power whatever to sit in direct review of state court decisions").

Although a federal court does have jurisdiction to consider the propriety of a criminal conviction issued by a state court, see 28 U.S.C. § 2254, such as plaintiff's 2017 conviction (see Doc. No. 7 at 32-33), such jurisdiction can only be exercised after the criminal defendant "has exhausted the remedies available in the courts of the State," see 28 U.S.C. § 2254(b)(1)(A).  As plaintiff does not plead any facts to support a finding that he has exhausted his state remedies or that any exception to such requirement exists, plaintiff fails to state a claim for relief from the 2017 conviction.

Additionally, to the extent plaintiff asserts federal claims against an unnamed state court judge and a named state court commissioner for issuing rulings with which plaintiff disagrees (see Doc. No. 7 at 26, Doc. No. 8 at 15, 20), such claims are barred by judicial immunity, see Stump v. Sparkman, 435 U.S. 349, 355-56 (1978) (holding state court judges cannot be held liable for "judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly") (internal quotation and citation omitted); Franceschi v. Schwartz, 57 F.3d 828, 830-31 (9th Cir. 1995) (holding judicial immunity extends to state court commissioners who perform "functions normally performed by a judge").

Similarly, to the extent plaintiff asserts federal claims against a named state court clerk for marking documents he submitted as "received," as opposed to "filed" (see Doc. No. 8 at 9), and an unnamed federal court clerk for accepting documents for filing but not providing him a "timestamped filing confirmation" (see Doc. No. 7 at 24), such claims are barred by quasi-judicial immunity, see Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding court clerk who allegedly "refused" to file document plaintiff submitted was entitled to quasi-judicial immunity).


Next, to the extent plaintiff asserts federal claims based on the removal of his children from his custody by unnamed city and county employees (see Doc. No. 7 at 6, 12, 28), as well as his arrest by unnamed police officers for violating a restraining order and for resisting arrest (see Doc. No. 7 at 6, 12, 34), his claims are not cognizable against a government agency, such as Sonoma County or the City of Rohnert Park, in light of plaintiff's having failed to plead any facts to support a finding that any such actions were taken pursuant to a municipal policy or practice, see Monell v. Department of Social Services, 436 U.S. 658, 690 (1978) (holding municipality can be sued for civil rights violation only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or is in conformity with a "governmental 'custom' even though such a custom has not received formal approval").

Nor are plaintiff's claims concerning the removal or arrest cognizable against any individual, as plaintiff merely lumps a number of unnamed individuals together, without alleging facts demonstrating that each individual he intends to sue engaged in conduct that deprived plaintiff of his federal rights, see Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (holding liability for alleged civil rights deprivation may be imposed on individual only where such individual "does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally obliged to do that *causes* the deprivation" of which plaintiff complains) (internal quotation and citation omitted; emphasis in original), and fails to allege facts to support a finding that any such individual is not entitled to qualified immunity, see Keates v. Koile, 883 F.3d 1228, 1235 (9th Cir. 2018) (holding, at pleading stage, plaintiff alleging civil rights claim against individual must plead facts to support finding individual's conduct "violated clearly established constitutional rights of which a reasonable officer would be aware in light of the specific context of the case," i.e., facts that would "withstand[ ] a qualified immunity defense") (internal quotation and citation omitted).

Further, to the extent plaintiff sues his wife for violating his civil rights by allegedly

"acting in concert" with social workers and "conspiring with authorities" to have plaintiff arrested (see Doc. 7 at 30, Doc. No. 9 at 7), such claim is not cognizable, as plaintiff fails to plead any facts to support his conclusory assertions of liability, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted), namely, facts to support a finding that his wife had a "meeting of the minds" with government employees "to violate constitutional rights," see Fonda v. Gray, 707 F.2d 435, 438 (9th Cir. 1983).

Lastly, to the extent plaintiff brings a "Brady" claim, see Brady v. Maryland, 373 U.S. 83 (1963), based on a police sergeant's refusal to provide plaintiff with "body cam footage" without a court order (see Doc. No. 7 at 36), plaintiff fails to state a cognizable claim, as plaintiff fails to plead any facts to support a finding that the footage would be "favorable to the accused" and that he has been "prejudiced" by the denial, see Parker v. County of Riverside, 78 F.4th 1109, 1112 (9th Cir. 2023) (setting forth "elements" of "Brady violation").

In sum, plaintiff has failed to state any cognizable federal claim. Under such circumstances, and given that the above-titled action remains at the pleading stage, the Court declines to exercise supplemental jurisdiction over the state law claims asserted by plaintiff, such as his claims that the City of Rohnert Park failed to comply with the California Public Records Act (see Doc. No. 7 at 39) and that his wife has engaged in "gaslighting" and "deceit" (see Doc. No. 7 at 30). See 28 U.S.C. § 1367(c)(3) (providing district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (holding "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims").

**CONCLUSION**

For the reasons stated, plaintiff's AC is hereby DISMISSED, with leave to amend. In the event plaintiff wishes to file a Second Amended Complaint, he shall do so no later than June 6, 2025.

**IT IS SO ORDERED.**

Dated: May 14, 2025

MAXINE M. CHESNEY
United States District Judge