IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARZAD ALLAF-MOTEDAYEN,<br><br>  Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY CHILD PROTECTIVE SERVICES, et al.,<br><br>  Defendants. | Case No. 25-cv-03050-MMC<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR FEDERAL PROTECTION AND JUDICIAL REVIEW, CONSTRUED AS MOTION FOR TEMPORARY RESTRAINING ORDER/PRELIMINARY INJUNCTION** |

By order filed May 14, 2025, the Court dismissed plaintiff Farzad Allaf-Motedayen's Amended Complaint and afforded him leave to amend. On May 29, 2025, plaintiff, who proceeds pro se, filed a Second Amended Complaint ("SAC").[1]

Also, on May 29, 2025, plaintiff filed a document titled "Scroll of Emergency Federal Protection and Judicial Review," whereby plaintiff requests, with respect to an ongoing criminal state court proceeding, "immediate federal intervention, protective order, and review of all state actions from April 9, 2025 onward." In particular, plaintiff challenges the state court's decisions to "suspend" the proceedings pursuant to California Penal Code § 1368 and to appoint a public defender to represent plaintiff without his consent.

The Court construes said filing as a motion for a temporary restraining order and/or a preliminary injunction. So construed, the motion is hereby DENIED, as, "[w]hen there is a parallel, pending state criminal proceeding, federal courts must refrain

---

[1] By separate order to be issued at a later date, the Court will screen the SAC to determine whether plaintiff has stated any cognizable claim therein. See 28 U.S.C. § 1915(e)(2).

from enjoining the state prosecution," see Sprint Communications, Inc. v. Jacobs, 571 U.S. 69, 72 (2013), and, additionally district courts "possess no power whatever to sit in direct review of state court decisions," see Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 296 (1970).

**IT IS SO ORDERED.**

Dated: June 2, 2025

MAXINE M. CHESNEY
United States District Judge