IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARZAD ALLAF-MOTEDAYEN,<br><br>  Plaintiff,<br><br> v.<br><br>SONOMA COUNTY CHILD PROTECTIVE SERVICES, et al.,<br><br>  Defendants. | Case No. 25-cv-03050-MMC<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT; AFFORDING PLAINTIFF LIMITED LEAVE TO FILE THIRD AMENDED COMPLAINT** |

Before the Court is plaintiff Farzad Allaf-Motedayen's Second Amended Complaint ("SAC"), filed May 29, 2025 (Doc. No. 12) and supplemented by documents filed June 6, 2025 (Doc. Nos. 15, 16). As plaintiff proceeds in forma pauperis, the Court must consider whether the SAC contains any cognizable claims. See 28 U.S.C. § 1915(e)(2) (providing, in action where plaintiff proceeds in forma pauperis, district court "shall" dismiss case if action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief")  Having read and considered the SAC, the Court rules as follows.

By order filed April 14, 2025, Magistrate Judge Sallie Kim, to whom the above-titled action was then assigned, dismissed plaintiff's initial complaint for failure to state a cognizable claim and afforded plaintiff leave to amend. The matter was reassigned to the undersigned, after which plaintiff filed a First Amended Complaint ("FAC"), and, by order filed May 14, 2025 ("May 14 Order"), the Court dismissed the federal claims in the FAC for failure to allege a cognizable claim, declined to exercise supplemental jurisdiction over plaintiff's state law claims, and afforded plaintiff another opportunity to amend. Plaintiff thereafter filed his SAC.

**A. Federal Claims**

As the Court has federal question jurisdiction over at least some of the claims asserted in the above-titled action (see, e.g., Doc. No. 12 (SAC) at 9),[1] the Court first considers whether plaintiff has stated a cognizable federal claim.

**1. Claims for Relief from State Court Conviction**

In its May 14 Order, the Court dismissed plaintiff's claims to the extent plaintiff sought relief from a state court criminal conviction, noting plaintiff had not alleged he had exhausted the remedies available in state court, as is required by 28 U.S.C. § 2254(b)(1)(A).

In the SAC, plaintiff now alleges he sought relief in the Sonoma County Superior Court,[2] and that the state court judge denied his request on April 23, 2025. (See SAC Doc. No. 12 at 3, 24, 38.) To exhaust state remedies, however, a plaintiff "must present each of his claims to the state's highest court." See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994).

Accordingly, plaintiff's claims seeking relief from his state conviction are subject to dismissal, without further leave to amend and without prejudice to being reasserted in a new action if plaintiff exhausts his state court remedies.

**2. Claims Based on Removal of Children**

In its May 14 Order, the Court dismissed plaintiff's claims to the extent such claims were based on the removal of his children from his custody, noting plaintiff failed to allege facts to show that each defendant he sought to sue deprived plaintiff of a federal right and would not be entitled to qualified immunity.

Although, in the SAC, plaintiff asserts that "CPS agents," one of whom is named

---

[1] In citing to documents filed by plaintiff, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

[2] Plaintiff alleges he is entitled to relief from the conviction on the asserted grounds that "no lawful evidence [was] presented under oath" and that he was not provided a "trial by jury." (See Doc. No. 12 at 24.)

2

1  Brad Holmes and another "Matt," along with "officers of the Rohnert Park Police
2  Department," identified as Officer Powell, Officer Ashur, Officer Hoot/Huot, and Sergeant
3  Snyder/Spurr,³ removed his children from his residence "without warrant" on either March
4  27, 2025, or on April 2, 2025 (see Doc. No. 12 at 9, 27, Doc. No. 15 at 2, Doc. No. 16 at
5  1), plaintiff has attached to the SAC a copy of the warrant (see Doc. No. 12 at 53-55).
6  Under such circumstances, the Court will disregard plaintiff's characterization of the
7  removal of the children as being "without warrant," see Sprewell v. Golden State
8  Warriors, 266 F.3d 979, 988 (9th Cir. 2001) (holding courts are not required to "accept as
9  true allegations that contradict matters properly subject to judicial notice or by exhibit"),
10 and, to the extent plaintiff, by alleging the individuals who "entered the premises" did not
11 possess a "lawful warrant" (see Doc. No. 12 at 17, Doc. No. 15 at 2), may be attempting
12 to challenge the circumstances under which the warrant was obtained or issued, no facts
13 supporting such a theory have been pleaded.
14      Accordingly, plaintiff's claims based on the removal of the children are subject to
15 dismissal.  The Court will, however, afford plaintiff one final opportunity to amend said
16 claims.
17      **3. Claims Based on Arrest**
18      In its May 14 Order, the Court dismissed plaintiff's claims to the extent plaintiff
19 challenged his arrest for violating a restraining order, noting plaintiff failed to allege facts
20 to show that each defendant he sought to sue deprived plaintiff of a federal right and
21 would not be entitled to qualified immunity.
22      Plaintiff has attached to the SAC the restraining order that was in effect on April 7,
23 2025, the date of the arrest, which order, issued by a state court commissioner on April 2,

---

³ In two sections of the SAC, plaintiff states that the last name of the third of the above-referenced officers is Hoot, while, in another section, he states said officer's last name is Huot.  (Compare Doc. No. 15 at 2 and Doc. No. 16 at 1 with Doc. No. 12 at 27.) Similarly, in two sections of the SAC, plaintiff states that the sergeant's last name is Snyder, while, in another section, he states the sergeant's last name is Spurr.  (Compare Doc. No. 12 at 27 and Doc. No. 16 at 1 with Doc. No. 15 at 2.)

2025 (see Doc. No. 12 at 54-60), prohibited plaintiff from "keep[ing] under surveillance" Kyndra Thomas ("Thomas") and plaintiff's three minor children,[4] as well as "look[ing] for any person protected by th[e] order"; additionally, the order required plaintiff to "stay away" from Thomas, and allowed him to go to her residence only for purposes of taking "personal clothing and belongings needed until the [next] hearing" (see Doc. No. 12 at 57) which was scheduled for April 23, 2025 (see Doc. No. 12 at 54).

In the SAC, plaintiff alleges that, on the date of his arrest, he parked his vehicle near Thomas's residence for purposes of "retriev[ing]" a dog and attempting to obtain money from Thomas (see Doc. No. 12 at 11) and that the officers approached him and "accused him of violating [the] restraining order," but then left the scene (see id.) Plaintiff further alleges that when the officers "later" returned, he had moved his vehicle to a "nearby parking spot," and that the officers stated he had violated the restraining order by moving his vehicle "closer" to Thomas's residence (see id.), after which, according to plaintiff, the officers broke one of the windows of his vehicle and arrested him (see id.)

Given the circumstances described by plaintiff, the Court finds the officers had probable cause to arrest plaintiff for violating the restraining order. Although circumstances might exist where an officer could be found liable for use of excessive force in connection with a broken window, such as where officers, after breaking a window, proceed to drag the suspect over the broken glass, see Coles v. Eagle, 704 F.3d 624, 630 (9th Cir. 2012), here the SAC includes no such allegation.[5] Further, as plaintiff alleges no facts as to what was occurring at the time the window was broken, other than to assert that there was "no exigency" (see Doc. No. 12 at 11), the Court finds plaintiff

---

[4] Thomas is the mother of said children (see Doc. No. 12 at 69) and appears to be plaintiff's wife or ex-wife (see Doc. No. 12 at 84 (alleging Thomas, on a date plaintiff does not disclose, made a claim for "alimony, despite no lawful dissolution")).

[5] Plaintiff has submitted what he describes as "Photographic Evidence" of "Broken Window." (See Doc. No. 12 at 49.) The photograph, although of low quality, shows what appear to be multiple tiny fractures, with the glass still fully intact inside the window frame. (See Doc. No. 12 at 78.)

1  has failed to allege facts to support a finding the officers would not be entitled to qualified
2  immunity.  See Keates v. Koile, 883 F.3d 1228, 1235 (9th Cir. 2018) (holding plaintiff
3  alleging civil rights claim must plead facts to support finding defendant's conduct "violated
4  clearly established constitutional rights of which a reasonable officer would be aware in
5  light of the specific context of the case," i.e., facts that would "withstand[ ] a qualified
6  immunity defense") (internal quotation and citation omitted); see also Ashcroft v. Iqbal,
7  556 U.S. 662, 678 (2009) (holding courts are "not bound to accept as true a legal
8  conclusion couched as a factual allegation"; internal quotation and citation omitted);
9  Holland v. Azevedo, 2016 WL 1754446, at *8-*11 (N.D. Cal. May 3, 2016) (holding,
10 where plaintiff refused to exit vehicle, officers entitled to qualified immunity as to claim of
11 excessive force based on their having broken car window, opened car door, and pulled
12 plaintiff through open door; noting no "clearly established law" precluded their actions).

Accordingly, plaintiff's claims based on the arrest are subject to dismissal.  The Court will, however, afford plaintiff one final opportunity to amend said claims.[6]

### 4. Claims Based on Rulings in Pending State Court Proceedings

In the May 14 Order, the Court dismissed plaintiff's claims to the extent plaintiff challenged adverse rulings that had been issued by judges or commissioners in the course of legal proceedings pending in the Sonoma County Superior Court.  In particular, the Court dismissed plaintiff's claims on the ground that district courts lack jurisdiction to enjoin or revise orders issued in state court proceedings, and that, to the extent plaintiffs sought relief against state court judges and commissioners, such relief was barred by judicial immunity.

In the SAC, plaintiff alleges additional facts regarding findings made in the course of an ongoing criminal proceeding, in particular, orders issued pursuant to California Penal Code § 1368 (see Doc. No. 12 at 1, 10, 14, 38, 43, 46), and requests this Court

---

[6] If plaintiff elects to amend, plaintiff is directed to include the names and specific conduct of each officer he alleges participated in the arrest.

1  "review" the state court's decisions, issue a "protective order" (see Doc. No. 12 at 1), and
2  "void[ ]" some of those decisions (see Doc. No. 12 at 14).  As explained in this Court's
3  order of June 2, 2025, however, "'[w]hen there is a parallel, pending state criminal
4  proceeding, federal courts must refrain from enjoining the state prosecution'."  (See
5  Order, filed June 2, 2025, at 1:24-2:2 (quoting Sprint Communications, Inc. v. Jacobs,
6  571 U.S. 69, 72 (2013).)

7  　　　　　Plaintiff also alleges additional facts regarding proceedings involving the custody
8  of his children, namely, facts regarding findings made in the course of a hearing in which
9  a state court commissioner granted Thomas' request for a temporary restraining order
10 (see Doc. No. 12 at  49, 54-60); he also alleges additional facts regarding a subsequent
11 hearing in which a state court judge issued a restraining order effective for three years
12 (see Doc. No. 12 at 39, 46, 61-69), which order prohibits plaintiff from engaging in
13 "visitation" with the children until April 2028 (see Doc. No. 61-66).  In this Court, plaintiff
14 seeks an order "return[ing]" the children to him.  (See Doc. No. 12 at 25.)  The Ninth
15 Circuit has held, however, that, in federal courts, "[t]here is no subject matter jurisdiction"
16 over a claim seeking an "award [of] custody of children."  See Peterson v. Babbitt, 708
17 F.2d 465, 465-66 (9th Cir. 1983) (affirming dismissal of claim seeking visitation rights with
18 children; noting "federal courts have uniformly held that they should not adjudicate cases
19 involving domestic relations, including the custody of minors and *a fortiori*, rights of
20 visitation") (internal quotation and citation omitted).

21 　　　　　To the extent plaintiff asserts claims against the state court judges and
22 commissioners who issued the above-referenced orders, or any other orders, those state
23 court judges and commissioners are immune from suit based on "judicial acts," such as
24 issuing orders, irrespective of whether such orders are erroneous.  See Stump v.
25 Sparkman, 435 U.S. 349, 355-56 (1978) (holding state court judge immune from suit);
26 Franceschi v. Schwartz, 57 F.3d 828, 830-31 (9th Cir. 1995) (holding state court
27 commissioners immune from suit).
28 //

1    Accordingly, plaintiff's claims based on rulings made by state court judges and 2 commissioners, regardless of the relief sought, are subject to dismissal without further 3 leave to amend.

### 5. Claims Against Court Clerks

In its May 14 Order, the Court dismissed plaintiff's claim against a state court clerk for refusing to file documents plaintiffs had submitted, finding such claim was barred by quasi-judicial immunity.

In the SAC, plaintiff alleges several incidents in which, he asserts, state court clerks would not file documents he submitted.  (See Doc. No. 12 at 18-21, 41, 42; see also Doc. No. 12 at 16, 22.)

As explained in the May 14 Order, however, court clerks are immune from claims based on an alleged failure to file documents.  See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987) (holding court clerk who allegedly "refused" to file document plaintiff submitted was entitled to quasi-judicial immunity).

Accordingly, plaintiff's claims against court clerks are subject to dismissal without further leave to amend.

### 6. "Brady" Claim

In the May 14 Order, the Court dismissed plaintiff's claim against a police sergeant, who allegedly declined to release to plaintiff body camera footage, finding plaintiff had failed to plead any facts to allege a "Brady" claim, i.e., a claim based on deprivation of rights under Brady v. Maryland, 373 U.S. 83 (1963).  As was explained in said Order, a civil claim based on such asserted denial must be supported by "facts to support a finding that the footage would be 'favorable to the accused' and that he has been 'prejudiced' by the denial." (See May 14 Order at 5:12-15 (quoting Parker v. County of Riverside, 78 F.4th 1109, 1112 (9th Cir. 2023).)

In the SAC, plaintiff has added the conclusory allegation that "denial of access to the body cam footage has prejudiced [his] ability to defend [him]self and present exculpatory evidence."  (See Doc. No. 16 at 1.)  As noted above, however, courts are

1  "not bound to accept as true a legal conclusion couched as a factual allegation." See

2  Iqbal, 556 U.S. at 678.

3  Accordingly, plaintiff's Brady claim is subject to dismissal. The Court will, however,

4  afford plaintiff one final opportunity to amend said claim.

5  **B.  State Law Claims**

6  As set forth above, plaintiff has failed to state a cognizable federal claim. Under

7  such circumstances, and given that the above-titled action remains at the pleading stage,

8  the Court declines to exercise any supplemental jurisdiction it may have over plaintiff's

9  state law claims, such as his claim that his public defender has not acted in accordance

10 with his instructions in the above-referenced pending criminal action. (See Doc. No. 12

11 at 32, 40, 45); see also 28 U.S.C. § 1367(c)(3) (providing district court "may decline to

12 exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed

13 all claims over which it has original jurisdiction"); Carnegie-Mellon University v. Cohill,

14 484 U.S. 343, 350 n.7 (1988) (holding "in the usual case in which all federal-law claims

15 are eliminated before trial, the balance of factors to be considered under the

16 [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness, and comity

17 – will point toward declining to exercise jurisdiction over the remaining state-law claims").[7]

18                                           **CONCLUSION**

19 For the reasons stated above, the SAC is hereby DISMISSED. Plaintiff is hereby

20 afforded limited further leave to file a Third Amended Complaint ("TAC") solely for the

21 purpose of amending claims predicated on (1) the manner in which the children were

22 removed, (2) the arrest effectuated on April 7, 2025, and (3) the alleged denial of

23 plaintiff's request for body camera footage. Plaintiff may also include in the TAC any

---

[7] The Court makes no finding herein as to whether other state law claims alleged in the SAC, such as claims that Thomas cancelled the insurance on a vehicle plaintiff drove and ceased making payments owed thereon (see Doc. No. 12 at 83-84), and that a homeowner's association engaged in "harassment" after he "displayed political flags" outside his home (see Doc. No. 12 at 34), constitute supplemental claims.

state law claims that are supplemental in nature to any federal claim asserted in the TAC. If plaintiff elects to submit a TAC, he shall file such amended pleading no later than July 18, 2025.

**IT IS SO ORDERED.**

Dated: June 18, 2025

MAXINE M. CHESNEY
United States District Judge