IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARZAD ALLAF-MOTEDAYEN,<br><br>  Plaintiff,<br><br>  v.<br><br>SONOMA COUNTY CHILD PROTECTIVE SERVICES, et al.,<br><br>  Defendants. | Case No. 25-cv-03050-MMC<br><br>**ORDER DISMISSING THIRD AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND; DIRECTIONS TO CLERK** |

Before the Court is plaintiff Farzad Allaf-Motedayen's Third Amended Complaint ("TAC"), filed July 15, 2025 (Doc. No. 21). As plaintiff proceeds in forma pauperis, the Court must consider whether the TAC contains any cognizable claims. See 28 U.S.C. § 1915(e)(2) (providing, in action where plaintiff proceeds in forma pauperis, district court "shall" dismiss case if action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief").

By order filed April 14, 2025, Magistrate Judge Sallie Kim, to whom the above-titled action was then assigned, dismissed plaintiff's initial complaint for failure to state a cognizable claim and afforded plaintiff leave to amend. Plaintiff filed a First Amended Complaint, and the Court, on May 15, 2025, dismissed the federal claims therein for failure to allege a cognizable claim, declined to exercise supplemental jurisdiction over plaintiff's state law claims, and afforded plaintiff another opportunity to amend. Plaintiff thereafter filed a Second Amended Complaint ("SAC"), and, by Order filed June 18, 2025 ("June 18 Order"), the Court, again, dismissed the federal claims for failure to state a claim, declined to exercise supplemental jurisdiction over plaintiff's state law claims, and

afforded plaintiff yet another opportunity to amend. Plaintiff then filed his TAC.

Having read and considered the TAC, the Court rules as follows.

**A. Federal Claims**

As the Court has federal question jurisdiction over some of the claims asserted in the TAC (see, e.g., TAC at 1-3),[1] the Court first considers whether plaintiff has stated a cognizable federal claim.

### 1. Claim Based on Removal of Children

"Claim One" includes a federal claim based on the removal of plaintiff's three children from his custody.

In its June 18 Order, the Court dismissed said claim, finding plaintiff had failed to allege facts to support his conclusory assertion that a warrant attached to the SAC was invalid. Plaintiff was afforded leave to amend for purposes of alleging any such supporting facts.

In the TAC, plaintiff alleges the warrant is "facially invalid" because, according to plaintiff, it "bore a date of November 20, 2024, had no judicial case number, no affidavit, [and] no raised seal." (See TAC at 1.)[2] The warrant, however, was signed by a state court judge on March 27, 2025 (see TAC at 77), and was supported by the declaration of a social worker (see TAC at 75-76).[3] Further, plaintiff cites no authority, and the Court has located none, holding a warrant is invalid due to the lack of a "raised seal." Finally, although the warrant did not include a case number, as, apparently, a court action had not yet been filed, a "protective custody warrant" pursuant to § 340(b) of the California Welfare & Institutions Code, which is the type of warrant the social worker sought and

---

[1] In citing to the TAC, the Court has used herein the page number affixed to the top of each page by this district's electronic filing program.

[2] The warrant is attached as an exhibit to the TAC. (See TAC at 75-77.)

[3] The social worker's declaration bears the notation "[s]igned on 11/22/2024" (see TAC at 76), which date, in light of other documents plaintiff has attached to the TAC (see TAC at 50-51), is an obvious typographical error, and, perhaps, is what lead to plaintiff's above-referenced incorrect allegation that the warrant itself bore a November 2024 date.

2

obtained, "may be issued without filing a [court action]" if the state court judge makes specified findings, see Cal. Welf. & Inst. Code § 340(b), which findings the state court made (see TAC at 77).[4]

Accordingly, plaintiff having failed to allege facts to show the warrant was invalid, his federal claim in Claim One will be dismissed without further leave to amend.

### 2. Claim Based on Arrest

In "Claim Two," plaintiff alleges that, on April 7, 2025, he was arrested for violating the terms of a restraining order. He alleges the arrest was "made without probable cause" and that, during the course of his arrest, the officers "broke the window of [p]laintiff's vehicle," which conduct, he alleges, constituted "excessive force." (See TAC at 2-3.) As set forth below, plaintiff has failed to allege sufficient facts to support either theory, and, accordingly, Claim Two will be dismissed without further leave to amend.

#### a. Arrest

In its June 18 Order, the Court found plaintiff had alleged facts in the SAC that established the officers "had probable cause to arrest plaintiff for violating the restraining order." (See June 18 Order at 3:22-4:16.) In the TAC, plaintiff alleges no additional facts regarding the arrest, and, consequently, for the reasons stated in the June 18 Order, the Court finds plaintiff has failed to allege facts to support a finding that the officers lacked probable cause to arrest him for violating the terms of the restraining order.

#### b. Alleged Excessive Force

In its June 18 Order, the Court found that, although circumstances might exist where an officer could be held liable for excessive force in connection with the breaking of a vehicle window, see Coles v. Eagle, 704 F.3d 624, 630 (9th Cir. 2012) (holding trier of fact could reasonably find officers, after breaking window and proceeding to drag suspect over broken glass while suspect was attempting to comply with "conflicting

---

[4] The day following the detention of plaintiff's children, the social worker executed a "Detention Report" (see TAC at 45), after which three different state court proceedings were instituted, one proceeding for each of the three children (see, e.g., TAC at 31).

1  orders" to exit vehicle, engaged in excessive force), plaintiff did not allege any
2  comparable circumstances and, consequently, failed to allege facts to support a finding
3  that the officers would not be entitled to qualified immunity, see Keates v. Koile, 883 F.3d
4  1228, 1235 (9th Cir. 2018) (holding plaintiff alleging civil rights claim must plead facts to
5  support finding defendant's conduct "violated clearly established constitutional rights of
6  which a reasonable officer would be aware in light of the specific context of the case,"
7  i.e., facts that would "withstand[ ] a qualified immunity defense") (internal quotation and
8  citation omitted); see, e.g., Holland v. Azevedo, 2016 WL 1754446, at *8-*11 (N.D. Cal.
9  May 3, 2016) (finding no excessive force where plaintiff, who had refused to exit vehicle,
10 brought claim based on officers' breaking car window, opening car door, and pulling
11 plaintiff through open door; noting no "clearly established law" precluded their actions).
12       In the TAC, plaintiff alleges no additional facts regarding the circumstances
13 occurring at the time of his arrest and, consequently, for the reasons stated in the June
14 18 Order, the Court finds plaintiff has failed to allege facts to support a finding that the
15 officers engaged in excessive force and/or would not be entitled to qualified immunity.
16       **3.  "Brady" Claim**
17       In "Claim Three," plaintiff includes a claim that a sergeant with the Rohnert Park
18 Police Department denied plaintiff's request to provide him "body-worn camera footage
19 from the April 7, 2025 arrest," which denial, plaintiff asserts, deprived him of his rights
20 under Brady v. Maryland, 373 U.S. 83 (1963).  (See TAC at 3.)
21       In the June 18 Order, the Court found plaintiff failed to allege facts to support his
22 conclusory assertion that said denial prejudiced his ability to defend himself and present
23 exculpatory evidence, noting courts are "not bound to accept as true a legal conclusion
24 couched as a factual allegation." (See June 18 Order at 7:28-8:2 (citing Ashcroft v. Iqbal,
25 556 U.S. 662, 678 (2009).)[5]

---

[5] Although not expressly alleged in the TAC, plaintiff, in the SAC, alleged he was a defendant in a pending criminal case.

In the TAC, plaintiff has added the conclusory assertion that the above-referenced footage "would have contradicted officer statements and supported his claim of no probable cause or excessive force." (See TAC at 3.) No facts, however, are alleged regarding the nature of any contradiction, and, consequently, plaintiff fails to cure the deficiency previously identified.

Accordingly, plaintiff having failed to allege facts to support a finding that the sergeant, or anyone else, violated Brady, his federal claim in Claim Three will be dismissed without further leave to amend.

## B. State Law Claims

As set forth above, plaintiff has failed to state a cognizable federal claim. Under such circumstances, and given that the above-titled action remains at the pleading stage, the Court declines to exercise whatever supplemental jurisdiction it may have over plaintiff's state law claims, namely, his state law claim challenging the removal of his children (see Doc. No. 21 at 2) and his state law claim challenging the withholding of the above-referenced camera footage (see Doc. No. 21 at 15, 17); see also 28 U.S.C. § 1367(c)(3) (providing district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988) (holding "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the [supplemental] jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims").

//
//
//
//
//
//

# CONCLUSION

For the reasons stated above, the federal claims in the TAC are hereby DISMISSED without further leave to amend, and the state law claims in the TAC are hereby DISMISSED without prejudice to plaintiff's reasserting such claims in a state court proceeding.

The Clerk of Court is DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: December 2, 2025

MAXINE M. CHESNEY
United States District Judge